18-3069 United States of America v. Mark Smith, also known as John Doe, also known as Melvin Smith, Appellate. Ms. Rollin for the Appellate, Mr. Burney for the Appellate. Ms. Rollin, before we start, I want to, on behalf of Judge Srinivasan and myself and the entire court, I want to welcome our newest colleague to the D.C. Circuit, Judge Ryle. Thank you. Welcome, and we all wish you a long and successful career on this story court. Welcome. Thank you. Absolutely. May it please the court, Sandra Rollin on behalf of Mark Smith. Turning first to the procedural error, the district court's duty as described by Congress in 18 U.S.C. 3553 and 3582 is to revisit the sentence and impose a sentence that's sufficient but not greater than necessary. In every case, the sentence that's sufficient but not greater than necessary is one number. It's not a range or a ballpark number. It's not a number that seems reasonable among other reasonable numbers. If one month is sufficient, two months is greater than necessary. The district court's finding that Mr. Smith did not warrant what it termed early release because 156 months was a reasonable sentence did not fulfill the court's duty under 3553 and 3582, and it was a procedural error. It was the wrong framework. The 156-month sentence needed to be more than reasonable. It needed to be sufficient but not greater than necessary. We also contend that 156 months was, in fact, greater than was necessary and therefore substantively unreasonable. It was not reasonable in light of the guideline changes unless Mr. Smith was deserving of an upward departure, which he wasn't. Mr. Smith's role and his conduct was typical, mid-rung as the government and the court put it, and not out of the heartland of drug cases. As a mid-rung defendant, a sentence that was not only higher than the mid-rung of the new guidelines but was above the guidelines was substantively unreasonable, and it is not entitled to a presumption of reasonableness by this Court. On behalf of Mr. Smith, I ask the Court to reverse and remand the case to the district court for reconsideration. So can I just say one thing? Go ahead, please. In the Supreme Court's decision in Hughes, it seemed to presuppose that we could have a situation in which the district court would retain discretion to do exactly what the district court did here. The district court absolutely has discretion to revisit under 3582 and apply the factors in 3553. What it can't do is simply revisit, look at it, and say, well, it was reasonable. That's not what 3553 requires. 3553 requires a sentence that's sufficient but not greater than necessary. But for purposes of substantive unreasonableness, which means that for substantive unreasonableness, I take it your argument is the district court just couldn't? Our argument is simply that it's 156 months. A sentence above the new guideline range was unreasonable, in light of the fact that Mr. Smith was a mid-rung defendant, felt absolutely within the heartland of cases. He didn't get any points for his role in the offense. He wasn't a leader. He was a mid-rung defendant and deserved a sentence within the guidelines, perhaps in the middle of the guidelines and not a sentence that's above the range. We absolutely recognize that the court has a lot of discretion. The district court has a lot of discretion in these cases. But in this particular case, because the sentence was above the guideline range, it's not entitled to a presumption of reasonableness as it would have been if it had been fallen within the guideline range. How do you distinguish this case from U.S. v. Jones, which you cite in your brief? If the court could give me just one minute to look up Jones. My note says it's on page XX. I obviously didn't write down the number. But it's in your brief. It's in my brief at page 9, if that's more helpful than XX. We agree absolutely with that. Jones says that the new sentence under 3582 does not need to be proportional to the old sentence. So it doesn't need to be five months above the guideline range as it was previously. But what is unreasonable in this case, what's substantively unreasonable, is to impose a sentence on a mid-level defendant that's outside the guideline range. There is no new information. Of course, they couldn't be in the 3582, except for the defendant's conduct while incarcerated. So it's very different. We're not simply saying he should have gotten 126 months. We're saying he shouldn't have gotten that this sentence was unreasonable because it was above the guideline range. And we would be in a much harder position if it had been somewhere within the guideline range. Are you suggesting that any sentence above the guideline range would be substantively unreasonable? I'm suggesting that in this case, given his facts, a sentence above the guideline range is substantively unreasonable. As I've said many times, he's a mid-level defendant. In a case that's well within the heartland of cases, there's absolutely nothing extraordinary out of the ordinary about this case. I'm not suggesting that the Court should announce that all sentences above the guideline range in 3582s are substantively unreasonable. But given the facts of Mr. Smith's case, it is. If the Court has no further questions, we'll rest on our brief. Thank you. Thank you, Your Honor. May it please the Court, Kevin Verner for the United States. Your Honors, the District Court made no procedural or substantive error in deciding not to reduce the appellant's sentence here. First, on procedural error, the Court, in a very well-reasoned opinion, went through the factors under 18 U.S.C. 3553A, which is all that it's required to do. It went through those factors, including the nature and circumstances of the offense, the need for the sentence to reflect the seriousness of the offense and to provide just punishment, the amended sentencing range, any pertinent policy statement from the Sentencing Commission, and the need to avoid unwarranted sentences disparities. The District Court either referenced all of those factors explicitly or implicitly and decided not to reduce the sentence. Regarding substantive – oh, and I want to mention one other thing on the procedural claim here. I think appellant has spent a lot of – some time in his brief talking about the trial judge's remark about whether the sentence was reasonable and placing some emphasis also on the standard of sufficient but not greater than necessary. But if you look at the trial judge's order, that word reasonable is really just a very brief part of the order. It's in a sentence discussing the appellant's criminal history and his conduct. But I think when you look at the order as a whole, the trial judge demonstrated that he understood that he needed to weigh all of these factors under 3553A in determining whether any sentence reduction was warranted. On the substantive unreasonableness part, the trial judge, when weighing through all these factors, provided a lot of facts for why he felt that appellant personally should not receive any reduction in sentence. Within just a few months, he had distributed crack cocaine to an informant on several occasions. He had discussed prices for substantial amounts of cocaine and crack cocaine over the phone. When he was arrested, 125 grams of cocaine was found in his car. And I think it's undisputed that he was a middle-rung participant in a very large drug conspiracy. Also, I think the trial judge correctly recognized that had the appellant not taken the plea offer, which was 11C1C plea, had he not taken that and had he lost at trial, he would have been exposed to a mandatory minimum of life in prison. So considering the fact that even if you take a look at the amended sentencing guideline range, it's 121 to 151 months. The sentence is 156 months, five months over the maximum, 151. But when you – five months, that tradeoff, you know, in lieu of potentially losing your liberty for life was a very attractive deal for him. And so it's not surprising that he agreed during the proceedings that that was the appropriate sentence. And I would just note, because Hughes has been referenced earlier today, that I think Hughes has several parts which are helpful to our position in this case. First of all, the court can consider the benefits that a defendant receives by entering into an 11C1C plea. And here the benefits were quite large because he no longer had this mandatory minimum of life hanging over his head. And he knew he was going to get 156 months, probably going to get a 156-month sentence instead, which is what he received. And also the fact that Hughes emphasizes – and, of course, this is very deferential standard review of use of discretion – Hughes recognizes that the trial judge has the discretion to deny a reduction in the sentence if he makes a finding that he would have imposed the same exact sentence even without the reduction in the guidelines,  and Judge Lamberth made that finding here in his memorandum, opinion, and order. So, Your Honors, to sum up, I would just say that the trial judge recognized he was not on autopilot here. He recognized that there was a valid motion, 11C1C plea under Hughes, that the defendant was eligible for a sentence reduction. And then he set out, I think very clearly in his memorandum, opinion, and order, why no reduction was warranted here. And for the reasons I've already stated, no reduction was warranted. Okay, thank you. Thank you. Ms. Rowland, do you have a rebuttal? Yes, Your Honor. Just very briefly. Sure. In terms of the district court's framework, looking at whether it was a reasonable sentence, the number of words he used, the length of that remark makes no difference. The problem is that he was using the wrong framework. And there is a lot of talk here today and in the district court's opinion about the fact that Mr. Smith was facing life in prison. He absolutely was not facing life in prison under the sentencing guidelines. His guideline score was 34 and then subtracted three points for acceptance of responsibility. So it was 31. And even at level criminal history category six, that is not life in prison. The government could have filed an 851 notice. They had the grounds to do so. And they didn't do that. That is a discretionary matter. They don't do that in every case. So perhaps they would have, but they didn't. So to say that he was facing life in prison and got quite a bargain by getting 156 months I think is a bit misleading. Thank you. Thank you. Case is submitted.
judges: Tatel, Srinivasan, Rao